# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CAIN,<br><br>              Plaintiff,<br>   v.<br><br>CITY OF MODESTO, et al.,<br><br>              Defendants. | NO. 1:12-CV-00051 AWI BAM<br><br>ORDER DISMISSING DEFENDANTS TONY SOUSA AND ROBERT ENGLENT ONLY IN LIGHT OF STIPULATION OF DISMISSAL |

     On June 15, 2012, the Plaintiff filed a stipulation of dismissal of Defendants Tony Sousa and Robert Englent only, with prejudice, pursuant to Rule 41(a)(1)(ii).

     Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily after service of an answer by filing a written stipulation to dismiss signed by all of the parties, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(A)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a)(1)(A)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not

require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing 41(a)(1)(i). A plaintiff may dismiss some or all of the defendants, so long as the subject defendant has not filed an answer or motion for summary judgment. Pedrina v. Han Kuk Chun, 987 F.2d 608, 609-10 (9th Cir. 1993).

Because Plaintiff has filed a voluntary dismissal under Rule 41(a)(1)(ii) as to only Defendants Tony Sousa and Robert Englent, this case has terminated as to these Defendants only. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that Defendants TONY SOUSA and ROBERT ENGLENT are DISMISSED from this case with prejudice in light of Plaintiff's filed and properly signed Rule 41(a)(1) voluntary dismissal.

IT IS SO ORDERED.

Dated:   June 18, 2012

CHIEF UNITED STATES DISTRICT JUDGE